UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RELIASTAR LIFE INSURANCE
COMPANY, a Minnesota corporation,

            Plaintiff-in-Interpleader,

   v.

CHRISTOPHER J. NORTHAM, an
individual, CODI T. NORTHAM, an
individual, SKIM X ENTERPRISES, a
California corporation, SKIM X
HOLDINGS, INC., a California
corporation, and DOES 1-10, inclusive,

            Defendants-in-
            Interpleader.

No. 2:13-cv-00063-TLN-JFM

**ORDER**

     This matter is before the Court pursuant to Plaintiff-in-Interpleader ReliaStar Life

Insurance Company's ("ReliaStar") Motion for Discharge and Entry of Judgment.  (ECF No. 21.)

ReliaStar further moves the Court to permanently enjoin the Defendants-in-Interpleader from

asserting any other proceedings against ReliaStar concerning the policy or the policy proceeds.

(ECF No. 21 at 7:4-5.)  Defendant-in-Interpleader Codi T. Northam filed a Notice of Non-

Opposition to ReliaStar's Motion for Discharge.  (ECF No. 31.)  However, Defendant-

Interpleader Christopher J. Northam opposes the motion.  (Def.-in-Interpleader's Opp'n to Pl.'s

Mot. for Discharge Only as to Pl.'s Request to Enjoin Any Further Ct. Proceeding, ECF No. 28.)

In addition, Defendants-in-Interpleader Skim X Enterprises and Skim X Holdings, Inc. ("Skim X Entities") have moved this Court to stay the entire action pending the outcome of the criminal action against Defendant-in-Interpleader Christopher J. Northam.  (Not. Of Mot. And Mot. To Stay the Entire Action, ECF No. 27.)  Defendant-in-Interpleader Christopher J. Northam has filed a Notice of Non-Opposition to the Motion to Stay.  (Def.-in-Interpleader Christopher J. Northam's Statement of Non-Opposition to Def.'s Motion to Stay, ECF No. 32.)  ReliaStar has filed a motion stating that it does not oppose the stay, but only to the extent that it does not interfere with ReliaStar's ability to obtain the relief sought by its pending Motion for Discharge. (ReliaStar's Conditional Non-Opposition to Defs. Skim X Entities' Motion to Stay, ECF No. 34.) Defendant-in-Interpleader Codi T. Northam has not filed a Notice of Non-Opposition to the Motion to Stay.  For the reasons set forth below, ReliaStar's Motion for Discharge and Entry of Judgment (ECF No. 21) and Skim X Entities' Motion to Stay this Action (ECF No. 27) are GRANTED.

## I.       FACTUAL BACKGROUND

Christopher D. Northam ("Decedent") obtained life insurance from ReliaStar, a Minnesota-based corporation, which is authorized to write life and disability insurance in California.  (ECF No. 21 at 1:21–22.)  Decedent designated four beneficiaries, who have been named as Defendants-in-Interpleader in this action: Christopher J. Northam ("Chris"); Codi Northam ("Codi"); Skim X Enterprises; and Skim X Holdings, Inc.  (ECF No. 21 at 1:24–27.) The life insurance policy issued to Decedent (which went into effect on December 28, 2010) contracted ReliaStar to pay death proceeds of $3,000,000.00 upon Decedent's death.  (ECF No. 21 at 2:1–5.)  Decedent was murdered on May 30, 2011.  (ECF No. 21 at 2:6.)  On June 29, 2011, the four Defendants-in-Interpleader submitted to ReliaStar a Proof of Death Claimant Statement seeking benefits under the Policy.  (ECF No. 21 at 2:9–12.)

On September 14, 2012, ReliaStar paid Codi, Skim X Enterprises, and Skim X Holdings their designated shares.  (ECF No. 21 at 2:13–17.)  The remaining policy proceeds represent Chris's unpaid share of the death benefits and are the funds at issue in this action.  Chris is a suspect in his father's (Decedent's) murder.  (ECF No. 21 at 2:20–21.)  He has been arrested,

1  charged with the first-degree murder of Decedent and is currently being held without bail as he

2  awaits trial on this charge.  (ECF No. 21 at 2:22–27).  ReliaStar has received inquiries from the

3  beneficiaries as to when ReliaStar will pay the remaining policy proceeds and to whom.  (ECF

4  No. 21 at 3:1–3.)  ReliaStar has stated that it is ready, willing, and able to pay the remaining

5  policy proceeds to whomever is lawfully entitled to receive them.  (ECF No. 21 at 3:15–17.)

6  However, given the conflicting claims to the proceeds, it wishes to pay the remaining sum into

7  the registry of the Court and be discharged of all further liability under the policy at issue.  (ECF

8  No. 21 at 3:15–17.)  ReliaStar has also moved the Court to award attorney's fees and costs

9  incurred in bringing this interpleader action.  (ECF No. 21 at 7:25–26).

10  **II.    APPLICABLE LAW**

11      **A.  Interpleader**

12      Interpleader is a procedure authorized by 28 U.S.C. § 1335 and Federal Rule of Civil

13  Procedure 22.  When a person holding funds or property (the stakeholder) encounters other

14  parties who are making conflicting possessory claims for those funds or property, he may join the

15  parties as defendants and require them to litigate who is entitled to the funds or property.

16  Michelman v. Lincoln Nat. life Ins. Co., 685 F.3d 887, 893 (9th Cir. 2012); Bradley v.

17  Kochenash, 44 F.3d 166, 168 (2d Cir. 1995); Libby, McNeill & Libby v. City Nat'l Bank, 592

18  F.2d 504, 507 (9th Cir. 1978).  The main purpose of interpleader actions is to protect the

19  stakeholder from the expenses of multiple lawsuits and from having to contend with inconsistent

20  or multiple determinations of liability.  Texas v. Florida, 306 U.S. 398, 406–07 (1939); In re

21  Republic of Philippines, 309 F.3d 1143, 1153 (9th Cir. 2002); Aetna Life Ins. Co. v. Bayona, 223

22  F.3d 1030, 1034 (9th Cir. 2000).

23      There are some general requirements for interpleader.  Interpleader requires that the

24  plaintiff-stakeholder have control over a particular fund or property.  Mock v. Collins, No. EDCV

25  04-395-VAP SGLX, 2004 WL 3619122, at *2 (C.D. Cal. Sept. 1, 2004).  Further, there must be

26  multiple, adverse claims made to that same property or fund.  Libby, McNeill, & Libby, 592 F.2d

27  at 507.  Finally, the plaintiff stakeholder must have a reasonable fear of multiple liability.  The

28  stakeholder is not required to determine the validity of the competing claims or wait to be actually

sued by one or more of the claimants.  State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 532–33 (1967).  However, the stakeholder must have "a good faith belief that there are or may be colorable competing claims to the stake," based on "a real and reasonable fear of exposure to double liability or the vexation of conflicting claims."  Michelman, 685 F.3d at 894.

### B.  Available Relief

If a plaintiff-stakeholder has satisfied the interpleader requirements listed above, the court will often discharge the stakeholder from liability and dismiss him from the action.  28 U.S.C. § 2361; United States v. High Tech. Prod., Inc., 497 F.3d 637, 641 (6th Cir. 2007).  Plaintiff-stakeholder may also request injunctive relief in which the court enjoins pending or future proceedings against it by defendants in any other court.  28 U.S.C. § 2361; United States v. Major Oil Corp., 583 F.2d 1152, 1157 (10th Cir. 1978).  Further, under the court's inherent equitable powers in interpleader actions, courts have discretion to award attorney's fees and costs to a disinterested stakeholder where the stakeholder has acted in good faith.  Abex Corp. v. Ski's Enterprises, Inc., 748 F.2d 513, 516 (9th Cir. 1984); Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp., 306 F.2d 188, 194–95 (9th Cir. 1962).

As long as there is no showing of bad faith on the part of the plaintiff-stakeholder, courts have regularly granted attorney's fees.  Schirmer, 306 F.2d at 194–95.  The Ninth Circuit has explained, "the reason[] [for the rule is] that the plaintiff has benefited the claimants by promoting early litigation on ownership of the fund, thus preventing dissipation… and that the plaintiff should not have to pay attorney fees in order to guard himself against the harassment of multiple litigation."  Id. at 193.

### III.   ANALYSIS

#### A.  Interpleader Request

The facts in this case present a classic example of interpleader.  ReliaStar holds the remaining proceeds from Decedent's life insurance policy.   However, it faces conflicting claims from Chris and the other beneficiaries.  Under California Probate Code Section 252, "[a] named beneficiary of a … life insurance policy … who feloniously and intentionally kills … the person

1   upon whose life the policy is issued is not entitled to any benefit under the … policy … and it

2   becomes payable as though the killer had predeceased the decedent."  At this point in time, Chris

3   is awaiting trial for the first-degree murder of his father, Decedent.  Given the uncertain outcome

4   of the trial, it is not clear whether Chris or the other beneficiaries are entitled to the remaining

5   policy proceeds.  California Probate Code Section 254 provides that even if the charges against

6   Chris were dropped or if he were acquitted, a court can still determine by a preponderance of the

7   evidence whether Chris feloniously and intentionally killed the Decedent for the purposes of

8   Section 252.

9           There are several potentially competing claims for the remaining policy proceeds.  These

10  claims present the realistic possibility of multiple liability for ReliaStar.  For example, Codi filed

11  an inquiry with ReliaStar to discover whether ReliaStar would pay him a portion of the

12  Remaining policy proceeds.  (Yell Decl., ECF No. 23 at  ¶¶ 12–15.)  Furthermore, Skim X

13  Enterprises and Skim X Holdings have filed a First Amended Answer and Cross-Claim alleging

14  entitlement to a portion of the remaining policy proceeds.  (Skim X Answer, ECF No. 16 at 8:21–

15  9:21)  Given the existence of potentially conflicting claims from the other Defendants-in-

16  Interpleader and the fact that Chris's stake in the remaining policy proceeds cannot be determined

17  at this time, the Court finds that ReliaStar's motion for discharge should be granted.

18          As to ReliaStar's request that the Court permanently enjoin Defendants-in-Interpleader

19  from asserting any other proceedings against ReliaStar concerning the policy or the policy

20  proceeds, the Court finds ReliaStar's request appropriate.  (ECF No. 21 at 7:4–5.)  Enjoining

21  future proceedings is appropriate whenever it is found "that pending or threatened state court

22  and/or other federal district court proceedings will destroy the effectiveness of the interpleader

23  suit or the enforceability of its judgment."  Major Oil Corp., 583 F.2d at 1158.  In this case,

24  Defendants-in-Interpleader have filed conflicting claims over the remaining policy proceeds, and

25  Chris has filed an Answer asserting that ReliaStar is not entitled to relief.  (See Northam Answer,

26  ECF No. 8 at 4:12–14)  Given the competing claims, the Court finds injunctive relief to be an

27  appropriate remedy and thus permanently enjoins Defendants-in-Interpleader from asserting any

28  other proceedings against ReliaStar concerning the policy or the policy proceeds.

5

**B.  Attorney's Fees**

ReliaStar further asks the Court to award reasonable attorney's fees and costs in initiating this action.  Courts in interpleader actions have the inherent equitable discretion to award attorney's fees and costs in the absence of a showing of bad faith on the part of the plaintiff-stakeholder.  <u>Schirmer</u>, 306 F.2d at 194–95.  ReliaStar is a disinterested stakeholder who faces potentially multiple liabilities because it cannot determine the proper beneficiary or beneficiaries of the remaining policy proceeds.  Given these conflicting claims, ReliaStar was forced to initiate this interpleader action to avoid exposure to multiple lawsuits.  There is no evidence that ReliaStar instituted this interpleader action in bad faith.

ReliaStar requests fees in the amount of $11,699.64 ($10,381.00 in already incurred-fees, $1,100.00 in expected fees though the hearing of this motion, and $218.64 in costs).  "The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court."  <u>Trustees of Directors Guild of Am.-Producer Pension Benefits Plans v. Tise</u>, 234 F.3d 415, 426 <u>opinion amended on denial of reh'g</u>, 255 F.3d 661 (9th Cir. 2000).  The Ninth Circuit has found that attorney's fee awards should include fees that are incurred in filing the action and pursuing the plaintiff-stakeholder's release from liability.  <u>Id.</u>  "Compensable expenses include … preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and missing it from the action."  <u>Id.</u> at 426–27.  Fee awards may not cover costs included in litigating the merits of the adverse claimants' position.  <u>Id.</u> at 426.  The current filings are not sufficient for the Court to determine whether the requested attorney's fees meet the parameters set forth by the Ninth Circuit.  <u>Id.</u> at 426–27.  As such, the Court orders ReliaStar to submit an itemized list with the amount and description of each charge that comprises the $11,699.64 in attorney's fee.  As long as the fees comports with the Ninth Circuit's requirements, the total of $11,699.64 shall be deducted from the amount deposited by ReliaStar with the Court and awarded to ReliaStar as attorney's fees.

**C.  Motion to Stay**

Defendants Skim X Holdings, Inc. and Skim X Enterprises, Inc. have also moved the Court to stay the entire action on account of a parallel criminal action involving Chris.  A trial

court may grant a stay of proceedings based on its authority to control the docket.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936).  When considering a motion to stay, California courts have considered three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation.  Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D. Cal. 1997); see also Single Chip Sys. Corp. v. Intermec IP Corp., 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007).

Granting a stay pending resolution of the criminal proceedings will not prejudice the non-moving parties.  Furthermore, staying the action will allow Chris to protect his Fifth Amendment rights, focus on his criminal defense, and save him the costs of litigation.  Codi would benefit from saving the costs of defending this action, which may be resolved by the criminal proceeding without any further litigation or cost.  Additionally, Codi and both Skim Entities would be burdened if this action was not stayed, because the parties would be forced to incur the costs of litigation that may be avoided by Chris's criminal trial.  Finally, avoiding the duplicative civil and criminal litigation of this case would undoubtedly save judicial resources.  Considering these three factors, the Court finds it appropriate to stay this action pending the outcome of the criminal proceedings against Christopher J. Northam.  On this basis, the Court hereby GRANTS Skim Entities' Motion to Stay.  (ECF No. 27.)

IV.    CONCLUSION

For the foregoing reasons, Plaintiff-in-Interpleader's Motion for Discharge and Entry of Judgment (ECF No. 21.) in GRANTED and Defendants-in-Interpleader's Motion to Stay (ECF No. 27) the Entire Action is GRANTED.  Therefore it is hereby

ORDERED AND ADJUDGED that

1. ReliaStar and its agents, affiliates, parents, subsidiaries, attorneys or assigns are DISCHARGED of all liability with respect to the subject Policy and/or the remaining policy proceeds that are the subject of this action;

7

2. Defendants-in-interpleader CHRISTOPHER J. NORTHAM, CODI T. NORTHAM, SKIM X ENTERPRISES, SKIM X HOLDINGS INC. DOES 1–10, inclusive, and each of them, and their agents, attorney or assigns are permanently enjoined from instituting any suit at law or equity, or action or proceeding of any kind whatsoever against ReliaStar and its agents, affiliates, parents, subsidiaries, attorneys or assigns, with respect to the subject policy and/or the remaining policy proceeds;

3. ReliaStar shall deposit the amount of $978,300.36 into the registry of this Court, plus .05% interest for each day after June 25, 2013.

4. ReliaStar is ordered to submit an itemized list with the amount and description of each charge that comprises the $11,699.64 requested in attorney's fee.

5. ReliaStar is DISMISSED from this action with prejudice as to all claims relating to the subject Policy and/or the remaining policy proceeds; and

6. This action is STAYED pending the outcome of the criminal proceedings against Christopher J. Northam.

IT IS SO ORDERED.


Dated: October 10, 2013

Troy L. Nunley
United States District Judge

8