1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| RELIASTAR LIFE INSURANCE COMPANY, a Minnesota corporation,<br><br>               Plaintiff,<br><br>   v.<br><br>CHRISTOPHER J. NORTHAM, an individual, CODI T. NORTHAM, an individual, SKIM X ENTERPRISES, a California corporation, SKIM X HOLDINGS, INC., a California corporation; and DOES 1-10, inclusive,<br><br>               Defendants.<br>_____<br>SKIM X HOLDINGS, INC., a California corporation and SKIM X ENTERPRISES, a California corporation,<br><br>               Cross-Complainant,<br><br>   v.<br><br>CHRISTOPHER J. NORTHAM, an individual; and ROES 1-10, inclusive,<br><br>               Cross-Defendants.<br>_____ | Case No.  2:13-cv-00063-TLN-DB<br><br>**STIPULATION TO RELEASE INTERPLEADER FUNDS; ORDER THEREON** |

/ / /



## STIPULATION

The parties to the above entitled action hereby stipulate, by and through their respective counsel, that in the above entitled action, that an order be entered directing the Clerk of the Court, United States District Court, Eastern District, to expeditiously release all interpled funds on deposit with the Court, and issue payments to the parties as follows:

- Codi Northam                  50% of all proceeds
- Skim X Enterprises            40% of all proceeds
- Skim Holdings, Inc.           10% of all proceeds
- Christopher J. Northam        Shall receive no proceeds.

Checks shall be issued to the parties as follows:  (1) to "Codi Northam"; (2) "Skim X Enterprises, a California Corporation c/o Millstone Peterson & Watts, LLP Client Trust Account"; and (3) "Skim X Holdings, Inc., a California corporation c/o Millstone Peterson & Watts, LLP Client Trust Account."  Christopher J. Northam shall receive nothing from this order.

This stipulation is made on the grounds that all parties in the action have entered into a Settlement Agreement dated January 11, 2017 which resolves the pending action.  Attached as Exhibit "A" is a true and correct copy of the Settlement Agreement.

Within ten (10) days of issuance of the payments stated above, the case shall be dismissed with prejudice.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

DATED: February 27, 2017

**MILLSTONE PETERSON & WATTS, LLP**
*Attorneys at Law*

By: _____/s/ Richard M. Watts, Jr._____
Richard M. Watts, Jr.

Attorneys for Defendants/Cross-Complainants
Skim X Enterprises and Skim X Holdings, Inc.

DATED: February 27, 2017

**CHRISTOPHER J. NORTHAM, IN PRO PER**

By: ____/s/ Christopher J. Northam_____
Christopher J. Northam
(As Authorized on February 27, 2017)

DATED: February 27, 2017

**LAW OFFICES OF ROBERT K. SCOTT**

By: _____/s/ Robert K. Scott_____
Robert K. Scott
(As Authorized on February 27, 2017)

Attorneys for Defendant-In-Interpleader
Codi T. Northam

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.
**MILLSTONE PETERSON & WATTS, LLP**
*Attorneys at Law*
/s/ Richard M. Watts, Jr.

<u>ORDER</u>

Having reviewed the Stipulation between all parties this Court orders:

1.   The Settlement Agreement resolves this dispute concerning all funds on deposit with this Court;

2.   Under the circumstances of this Interpleader action, the Court finds this settlement to be acceptable to this Court.

Therefore, the Court orders that the Clerk of this Court distribute all remaining sums of money, including interest, to be paid, forthwith, as follows:

- Codi Northam                50% of all proceeds
- Skim X Enterprises          40% of all proceeds
- Skim Holdings, Inc.         10% of all proceeds
- Christopher J. Northam      Shall receive no proceeds.

Checks shall be issued to the parties as follows:  (1) to "Codi Northam"; (2) "Skim X Enterprises, a California Corporation c/o Millstone Peterson & Watts, LLP Client Trust Account"; and (3) "Skim X Holdings, Inc., a California corporation c/o Millstone Peterson & Watts, LLP Client Trust Account."  Christopher J. Northam shall receive nothing from this order.  Within ten (10) days of issuance of the payments stated above, the parties shall file a stipulation to dismiss the case with prejudice.

IT IS SO ORDERED.

Dated: February 28, 2017

_____
Troy L. Nunley
United States District Judge

STIPULATION TO RELEASE INTERPLEADER FUNDS AND ORDER THEREON

EXHIBIT A

[SETTLEMENT AGREEMENT]

STIPULATION TO RELEASE INTERPLEADER FUNDS AND [PROPOSED] ORDER THEREON

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") date January 11, 2017, for reference purposes only, is entered into by and, between Skims X Enterprises Inc., a California corporation; Skim X Holdings, Inc., a California corporation (collectively, "Skim X"), Christopher J. Northam, an individual ("Christopher J. Northam"); and Codi T. Northam, an individual ("Codi Northam").  The Parties to this Agreement may be referred to individually as a "Party" or collectively as the "Parties".

## RECITALS

A.     On or about May 30, 2011, Christopher D. Northam ("Christopher D. Northam") was murdered.

B.     Christopher D. Northam had an insurance policy with ReliaStar Life Insurance Company ("ReliaStar") with an application date of July 23, 2010 (the "Insurance Policy").  The payout amount for the Insurance Policy was $3,000,000 (the "Total Proceeds").  The Insurance Policy named four beneficiaries in the following percentages:  (1) Christopher J. Northam – 33%; (2) Code Northam – 33%; (3) Skim X Enterprises, a California corporation – 27%; and (4) Skim X Holdings, Inc. – 7%.

C.     On or about February 22, 2012, Christopher J. Northam was arrested and charged with first-degree murder of Christopher D. Northam.

D.     On or about September 14, 2012, ReliaStar paid Codi Northam the total of $1,114,898.57, Skim X Enterprises, Inc. $867,330.99; and Skim X Holdings $224,863.59 for their stated interests under the Insurance Policy, plus interest.  Christopher J. Northam's 33% share of the benefits (approximately, $990,000) under the Insurance Policy (the "Remaining Policy Proceeds") were interplead with the Court in the action entitled *ReliaStar Life Insurance Company v. Christopher J. Northam, et. al.*, United States District Court, Eastern District of California, Case No. 2:13:cv-00063-TLN-JFM (the "Action").   The actual amount of the Remaining Policy Proceeds to be determined by the Court Clerk.

E.     On or about March 28, 2013, Skim X filed a Cross-Claim in the Action against Christopher J. Northam for a judicial declaration that The Remaining Policy Proceeds be distributed to Skim X in their percentage share under California Probate Code §252 (the "Cross-Claim").

F.     On or about September 30, 2015, Christopher J. Northam pled guilty to voluntary manslaughter with the use of a firearm of Christopher D. Northam, and was convicted the same date.  Christopher J. Northam was sentenced on November 18, 2015, and sentenced to thirteen years of imprisonment.  Thus, under California Probate Code §252, Christopher J. Northam cannot benefit under the Insurance Policy, and shall receive no proceeds from the same.

G.     To avoid the expense and uncertainty of further litigation and for the purpose of effecting settlement and compromise, the Parties do hereby settle the Action upon the terms and conditions stated herein.

## AGREEMENT

1.     <u>DIVISION OF REMAINING PROCEEDS</u>.    Pursuant to the Stipulation to Release Interpleader Funds, attached hereto as Exhibit "A", the Parties agree that Christopher J. Northam shall not take any amount of the Remaining Policy Proceeds, and the same shall be distributed as follows:

- Codi Northam – 50%

- Skim X Enterprises – 40%

- Skim X Holdings, Inc.—10%

- Christopher J. Northam – None

2.     <u>FILING OF NECESSARY DOCUMENTS</u>.  Within three (3) days of execution of this Agreement, the Parties shall file with the Court the Stipulation to Release Interpleader Funds and proposed order for distribution of the Remaining Policy Proceeds, and a stipulation for dismissal of the Action with prejudice within three (3) days of receipt of the Remaining Policy Proceeds from the Court.

3.     <u>MUTUAL RELEASE.</u> Immediately effective upon the full execution of this Agreement, the Parties release and discharge each other, including their respective heirs, executors, administrators, successors, predecessors, officers, directors, managers, members, employees, attorneys, assigns, agents, parent corporations, subsidiary corporations, and affiliated corporations from all claims, liability, actions, causes of action, demands, costs, credits, expenses, losses, debts, obligations, rights of setoff or recoupment, and damages of any kind, known or unknown, fixed or contingent, accrued or not yet accrued, in law or in equity, from the beginning of time through the date first referenced above.

4.     <u>COMPLETE AGREEMENT/MODIFICATION</u>.   This Agreement including the exhibits constitutes the entire agreement between the Parties and supersedes all prior written or oral agreements.    This Agreement cannot be changed or amended except by a written amendment signed by the Party against whom the Agreement and Amendment is to be enforced.

5.     <u>WAIVER</u>.   No waiver of one or more of the terms of this Agreement shall constitute a waiver of other terms.  No waiver of any provision of this Agreement in any instance shall constitute a waiver of such provision in other instances.

6.     <u>CHOICE OF LAW</u>.   This Agreement shall be construed under and interpreted in accordance with the laws of the State of California, without reference to its choice of law rules.

7.     <u>CHOICE OF JURISDICTION AND VENUE</u>.   In the event that any Party brings an action related to this Agreement, exclusive jurisdiction and venue shall be in the Placer

County Superior Court, Placer County, California. The Party who primarily prevails in such proceeding shall recover from the other Party reasonable attorney fees and costs incurred in connection with such proceeding.

8.      COOPERATION. The Parties shall cooperate in the settlement of the Lawsuit and in the performance of this Agreement. Further, the Parties shall execute any additional documents and take any additional actions which may be reasonably necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

9.      BINDING AGREEMENT. This Agreement shall be binding upon and inure to the benefit of, and be enforceable by Plaintiff and by Defendant and their respective successors, administrators, trustees, executors, assigns, and insurers.

10.     INTERPRETATION. If there is any uncertainty in the interpretation of any provision of this Agreement, all terms and provisions of this Agreement shall be construed on the basis that all Parties hereto assisted in the drafting and finalization hereof, and in favor of the interpretation which construes this Agreement as providing for resolution and final settlement of all claims between all Parties hereto upon performance of the terms of this Agreement.

11.     CONSTRUCTION. None of the Parties hereto shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

12.     SEVERABILITY. If any term, provision, covenant or condition of this Agreement is held to be invalid, void, or unenforceable, the remaining provisions of this Agreement shall continue in full force and effect so long as enforcement of the remaining provisions would not be inequitable to the Party or Parties against whom they are being enforced under the facts and circumstances then pertaining.

13.     REPRESENTATIONS AND WARRANTIES. The Parties to this Agreement agree and acknowledge that they entered into this Agreement upon the advice of their attorneys, had the opportunity to consult with counsel of their choosing, that their attorneys have explained the terms of this Agreement to them, and that the Parties to this Agreement freely understand and voluntarily accept the terms of this Agreement.

14.     AUTHORITY. All signatories to this Agreement specifically warrant and represent that they are authorized to sign and enter into this Agreement on behalf of the Party for whom they sign.

15.   COUNTERPARTS AND FACSIMILE OR ELECTRONIC SIGNATURES. This Settlement Agreement may be executed in multiple, original counterparts by the Parties hereto, each of which shall be deemed an original, but which taken together shall constitute one and the same instrument effective as of the date each Party hereto has executed multiple counterparts hereof. Facsimile or electronic copies of the Parties' signatures shall be treated as originals.

**Skim X Enterprises, a California corporation:**

By: Shon Northam

Title: President

Date: 2/6/17

**Skim X Holdings, Inc., a California corporation:**

By: Shon Northam

Title: President

Date: 2/6/17

**Codi T. Northam, Individually:**

By: Codi Northam

Date:_____

**Christopher J. Northam, Individually:**

By: Christopher J. Northam

Date:_____

18. **COUNTERPARTS AND FACSIMILE OR ELECTRONIC SIGNATURES.** This Settlement Agreement may be executed in multiple, original counterparts by the Parties hereto, each of which shall be deemed an original, but which taken together shall constitute one and the same instrument effective as of the date each Party hereto has executed multiple counterparts hereof. Facsimile or electronic copies of the Parties' signatures shall be treated as originals.

**Skim X Enterprises, a California corporation:**

By: Shon Northam

Title: President

Date:

**Skim X Holdings, Inc., a California corporation:**

By: Shon Northam

Title: President

Date:

**Codi T. Northam, Individually:**

By: Codi Northam

Date: 01/28/17

**Christopher J. Northam, Individually:**

By: Christopher J. Northam

Date: 1-29-17

4